This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

     Plaintiff-Appellee,

v.                                                                          No. 33,748

CARLA CHACON,

     Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Jacqueline D. Flores, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

{1}     Defendant appeals from the district court's judgment in an on-record appeal, affirming the metropolitan court's sentencing order that convicted Defendant for DWI,

improper left turn, and failure to maintain traffic lane. Unpersuaded by Defendant's docketing statement, we entered a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition to our notice. We remain unpersuaded and affirm.

{2}     On appeal, Defendant challenges the sufficiency of the evidence to support her conviction for DWI, under the "impaired to the slightest degree" standard. [DS 10; MIO 8-11] Specifically, Defendant argues that her driving did not indicate impairment, nor did her conduct throughout the stop, and nor did her performance on the field sobriety tests (FSTs). [DS 8-9; MIO 7-8] Also, Defendant points out that her BAC was .06/.05. [DS 8; MIO 7]

{3}     Our notice stated our view that the district court entered a thorough and accurate memorandum opinion, addressing all the same matters raised in the current appeal. Because Defendant did not seem to dispute the district court's recitation of the operative facts, our notice proposed to adopt that section of the district court's opinion. [RP 95-97] In response to our notice, Defendant provides us with another detailed recitation of the facts, [MIO 1-8] identical to the facts in the docketing statement, [DS 1-9] and again does not indicate whether she disputes any facts as set forth by the district court. We continue to see no material distinction between the facts

as set forth in the district court's opinion [RP 95-97] and those set forth in Defendant's response. [MIO 1-8]

{4} Our notice also stated our view that the district court accurately set forth the State's burden of proof, the standard of review, and guiding principles regarding our deference to the fact-finder's role in weighing the evidence and resolving matters of credibility. [RP 97-99] Our notice added only our proposed reliance on two cases to further demonstrate why we believed the evidence against Defendant was sufficient. We explained to Defendant that if she wanted this Court to arrive at a different conclusion, in any response she may have wished to file, she needed to persuade us that the district court's analysis of the facts was incorrect.

{5} Defendant's memorandum in opposition to our notice acknowledges that New Mexico case law does not support her position, but she continues to challenge the sufficiency of the evidence. [MIO 9] Defendant's response focuses on our reliance on Defendant's performance on the field sobriety tests (FSTs) in our analysis of whether sufficient evidence supports her DWI conviction. [MIO 9-11] Defendant argues that FST results do not accurately or reliably measure impairment by alcohol. [Id.]

{6} We note that the district court's opinion also addressed this concern, and did so appropriately. [RP 98-99] Evidence of Defendant's unsatisfactory performance on the FSTs was presented to illustrate her difficulty following directions, maintaining

3

balance, and perform other simple tasks. [RP 96, 98] Our case law considers an officer's observations of such manifestations as commonly understood features of intoxication that are probative of impairment. *See, e.g*, *State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330 (observing that the subject's unsatisfactory performance on field sobriety testing, including his failure to follow instructions and lack of balance, constituted signs of intoxication which supported his conviction for driving under the influence of alcohol); *State v. Torres*, 1999-NMSC-010, ¶ 31, 127 N.M. 20, 976 P.2d 20 (recognizing that most FSTs are self-explanatory and address commonly understood signs of intoxication). Also, other evidence as discussed in the district court's opinion—Defendant's erratic driving, odor of alcohol, bloodshot, watery eyes, slurred speech, and breath alcohol results of .06 and .05, showing the presence of alcohol [RP 95-98]—provided the fact finder with additional evidence upon which to convict her for DWI. *See generally State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394 (stating that fact finders may draw on their life experiences and understanding of human behavior during a state of intoxication to draw reasonable inferences).

{7}     For the reasons stated in this opinion and in our notice, we hold that sufficient evidence of DWI was presented. Accordingly, we affirm the metropolitan court's sentencing order.

**{8}** **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**M. MONICA ZAMORA, Judge**